**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aleem Sabar, | No. CV-26-00681-PHX-MTL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) The Petition is fully briefed. (Docs. 6, 7.) For the reasons below, the Petition will be granted.

**I.**

Petitioner is a Pakistani national who entered the United States in May 2023. (Doc. 1 ¶¶ 2-3.) Petitioner was released on his own recognizance and placed in removal proceedings. (*Id.* ¶ 3; *see also* Doc. 1-1 at 6-8.) Petitioner alleges he is "eligible for relief from removal in the form of asylum . . . , withholding of removal and protection under the Convention against Torture." (Doc. 1 ¶ 2.) Petitioner was re-detained in January 2026 and has been detained since that time, which he alleges was in violation of the Fifth Amendment and the Administrative Procedure Act. (*Id.* ¶¶ 36, 61-64.) Petitioner requests release from custody.

**II.**

In their response, Respondents do not dispute Petitioner was released on an order of

release on recognizance and received no hearing or other process before his subsequent redetention. (*See* Doc. 6.)

The Court notes the growing number of cases holding that individuals like Petitioner who were released from immigration detention on an order of recognizance are entitled to a pre-deprivation hearing before any rearrest or detention as a matter of due process. *See, e.g.*, *J.C.E.P. v. Minga Wofford*, No. 1:25-CV-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

The Court also disagrees with Respondents that the three-pronged test described in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), favors Respondents. (*See* Doc. 6 at 8-10.) *Mathews* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335. As to the first factor, "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80

(1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.")); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process . . . ."). As to the second factor, Respondents argue that Petitioner is likely subject to mandatory detention and, in any event, the "government has total discretion to detain any alien in removal proceedings." (*See* Doc. 6 at 4, 9-10.) But "the government cannot switch tracks and subject Petitioner[] to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioner[] in removal proceedings under section 1229a and released [him] on [his] own recognizance under section 1226(a)." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025), *appeal filed*, No. 25-7472 (9th Cir. Nov. 26, 2025). Petitioner remains in traditional removal proceedings under § 1229 and, as a result, he is subject to detention under § 1226 and is not subject to mandatory detention. And "as courts have repeatedly recognized, conditional release from physical restraint gives rise to a protected liberty interest." *Id.* at 932 (collecting cases); *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (noting that "detainees are entitled to notice and opportunity to be heard appropriate to the nature of the case" (quotation marks omitted)).

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a minimal cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). In addition, here, Respondents' interest is even lower because Petitioner was previously released on his own recognizance after immigration officials determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his release (*see* Doc. 1 ¶¶ 3-5). *See Pinchi v. Noem*, No. 25-cv-05632-RMI (RFL), 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025). The Court finds that the *Mathews* factors support finding that Petitioner was entitled to a hearing before he was re-detained. See *J.E.H.G. v. Chesnut*,

No. 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."). "The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that [the] detention is necessary to prevent danger to the community or flight." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037-38 (N.D. Cal. 2025). For all these reasons, the Petition will be granted, and Petitioner will be ordered released from custody. The Court clarifies that nothing in this Order prevents Respondents from pursuing Petitioner's rearrest or detention along with a pre-deprivation hearing as a matter of due process.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his due process claim. The rest of the Petition is denied as moot.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 17th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 4 -